2003 ME 101

**Ledrena FREEMAN**

v.

**FUNTOWN/SPLASHTOWN, USA.**

**Docket No. Ken–02–677.**

Supreme Judicial Court of Maine.

Submitted On Briefs: April 9, 2003.

Decided: Aug. 1, 2003.

Sean M. Farris, Farris, Heselton, Ladd & Bobrowiecki, Gardiner, for the plaintiff.

Timothy Bryant, Roy T. Pierce, Preti, Flaherty, Beliveau & Pachios, Portland, for the defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and LEVY, JJ.

DANA, J.

[¶ 1] Ledrena Freeman appeals from a judgment entered in the Superior Court (Kennebec County, *Studstrup, J.*), following a jury verdict in favor of Funtown/Splashtown, U.S.A. (Funtown). Freeman contends that the court erred in excluding (1) evidence of a repair made to the wheelchair after the accident, and (2) evidence of the wheelchair's condition immediately after the accident but before the repair. Freeman contends that both pieces of evidence were relevant and admitting them would not violate M.R. Evid. 407.[1] Finding no error, we affirm.

## I. BACKGROUND

[¶ 2] On August 6, 1998, Ledrena Freeman, who suffers from multiple sclerosis, visited Funtown, an amusement park in Saco, with her two sons, Dustin and Daniel, and her nephew, a friend, and the friend's two children. Freeman decided to use a park wheelchair to conserve her energy. Dustin pushed her chair around Funtown as the children went on the rides. He wheeled her up onto the wheelchair ramp, a boardwalk above the cement ground. When he pushed her back down the ramp, Freeman alleges that "one of the legs of the wheelchair struck the ground." The wheelchair tipped and she fell onto the ground. Her injuries included a broken right ankle. Freeman alleges that immediately after the accident, "a man appearing to be a Funtown employee noticed a problem with the wheelchair, stopped them, and was able to quickly repair the foot rest from catching on the ground."

[¶ 3] Funtown moved in limine, pursuant to M.R. Evid. 407(a), to exclude evidence of the subsequent remedial measure. Freeman opposed the motion. After a hearing, the court granted the motion in part, ruling that "[p]ursuant to Rule 407 evidence of the repair may not be introduced in the plaintiff's case in chief" but that "[i]ntroduction may be allowed in plaintiff's rebuttal case, depending on defendant's evidence."

[¶ 4] At trial, Freeman's counsel asked Freeman whether she had noticed any problems regarding the wheelchair's condition after the accident, which he described as "a fact based testimony as far as with the foot pedal catching on the ground as [Freeman] was leaving, which is relevant evidence as to what happened." The court ruled that Freeman could answer the question, but warned her counsel to avoid discussing repairs.[2] Then Freeman's counsel asked her, "[A]s your son was wheeling you out from where you fell towards the entrance of the park, did you notice any problems with the wheelchair catching on the ground or anything of that nature?" Freeman replied, "No." Her counsel then persisted, "You noticed no problems with the foot pedal?" Funtown objected and the court sustained the objec-

---

1. Rule 407 provides in pertinent part:
   (a) Subsequent Remedial Measures. When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction.
   M.R. Evid. 407(a).

2. While agreeing to admit evidence purportedly of "another time that the pedal got caught on the ground .... Not at the time she was thrown out, but some later time," the court warned Freeman's counsel to "be very careful, because I've already ruled that you cannot have any testimony or evidence presented to the jury with regard to repairs or any repairs to the wheelchair afterwards." Freeman's counsel replied, "[W]e only intend to ask ... about repairs before the accident."

tion because Freeman already had answered the question. Freeman's counsel did not ask Freeman whether she had noticed any problems with the wheelchair foot pedal *before* the accident, nor did he subsequently ask Dustin Freeman whether he had noticed any problems with the foot pedal *either before or after* the accident.

[¶ 5] Freeman's counsel later told the court, "[T]here is incorrect testimony regarding the condition of that wheelchair from Ledrena Freeman. She answered the question no. She was mistaken." As a result, he asked the court to allow him to refresh Freeman's recollection, a request the court denied, first because "[u]nless [Freeman] said she is unsure there is no opportunity to do that," and second, because "evidence of a similar incident is relevant only if it can be shown that the conditions were sufficiently similar; that we are talking about virtually the same circumstances." On the contrary, here, the court explained, "I've heard no evidence that the wheelchair after the accident was in the same condition as it was before the accident." Freeman again sought to introduce her subsequent remedial measures evidence, but the court reaffirmed its prior ruling.

[¶ 6] Freeman's negligence claim was submitted to the jury. The jury returned a unanimous verdict in Funtown's favor, and the court entered judgment for Funtown. This appeal followed.

## II. DISCUSSION

[¶ 7] "We review a trial court's decision to exclude evidence for an abuse of discretion or clear error." *State v. Tomah,* 1999 ME 109, ¶ 7, 736 A.2d 1047, 1050. We review the relevancy of proffered evidence under a clear error standard. *State v. Williams,* 653 A.2d 902, 906 (Me.1995). However, "[t]he decision to admit or exclude evidence is more frequently reviewed under an abuse of discretion standard because the question of admissibility frequently involves the weighing of probative value against considerations militating against its admissibility." *Id.* (quotation marks omitted); *see* M.R. Evid. 403.

### A. Exclusion of Evidence of Subsequent Repair to the Wheelchair

[¶ 8] Freeman contends that the evidence of a subsequent repair to the wheelchair should have been admitted as relevant pursuant to M.R. Evid. 401[3] and 402[4] and not excluded pursuant to M.R. Evid. 407, because it was offered not to prove negligence or fault, but rather to prove causation and malfunction. We disagree.

[¶ 9] Evidence of causation is a necessary element of a negligence claim, *see Mastriano v. Blyer,* 2001 ME 134, ¶ 11, 779 A.2d 951, 954, and, therefore, any evidence used to prove causation is also used to prove negligence. Thus, evidence of subsequent repairs intended to prove causation *is* evidence offered to prove negligence. The plain language of Rule 407(a) bars use of evidence of subsequent remedial measures to prove negligence. *Merrill v. Sugarloaf Mountain Corp.,* 2000 ME 16, ¶ 19, 745 A.2d 378, 385.

**3.** Rule 401 provides: " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." M.R. Evid. 401.

**4.** Rule 402 provides: "All relevant evidence is admissible, except as limited by constitutional requirements or as otherwise provided by statute or by these rules or by other rules applicable in the courts of this state. Evidence which is not relevant is not admissible." M.R. Evid. 402.

[¶ 10] Moreover, allowing evidence of subsequent repair as causation or malfunction evidence would essentially nullify Rule 407 because a plaintiff could allege a malfunction in every case where a product failed to perform as intended. Likewise, such an exception would discourage subsequent repairs, contrary to the intention of Rule 407. *See* Field & Murray, *Maine Evidence* § 407.2 at 162 (2000 ed.) (explaining that "The ... generally accepted rationale [for excluding evidence of subsequent remedial measures] is that exclusion is justified because admissibility would deter the sound public policy of encouraging repairs.").

[¶ 11] Because there is no proper basis for admitting evidence of a subsequent repair to the wheelchair, the trial court did not err when it excluded the evidence.

B. Exclusion of Evidence of the Wheelchair's Immediate–Post–Accident Condition

[¶ 12] Freeman contends that by not allowing testimony regarding the wheelchair's condition immediately after the accident but prior to the repair, the court erred. In the context of the proffered testimony, we disagree.

■ [¶ 13] In fact, Freeman's counsel solicited such testimony from Freeman and it was admitted, but, as noted above, it was not the testimony her counsel wanted. As a result, in a second attempt to introduce evidence that the foot pedal dragged on the ground after the accident, Freeman's counsel sought the court's permission to "refresh" his client's recollection. The court properly denied this request because there was no indication that Freeman's recollection needed to be refreshed and Freeman's counsel had failed to lay the necessary foundation.

■ [¶ 14] Alternatively, even if Freeman had been permitted to change her testimony and testify that she did recall some post-accident foot pedal striking of the ground, the court would not have erred in excluding such evidence as irrelevant. Freeman failed to lay the necessary foundation to show that the wheelchair's condition after the accident was the same as it had been before the accident. "When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon the introduction of evidence sufficient to support a finding that the condition has been fulfilled." M.R. Evid. 104(b). *See* Field & Murray § 104.1 at 32 ("If each of two items of evidence is irrelevant in absence of proof of the other ... the judge's task is simply to decide whether the proponent has brought forward sufficient evidence to warrant a jury in finding that the truth of the item first offered has been established."). Absent any evidence of the condition of the wheelchair before the accident, evidence of its condition after the accident is irrelevant because Freeman could not establish that they were the same. Therefore, there was no clear error in excluding that evidence.

The entry is:

Judgment affirmed.